PROB 12C
(6/16)

Report Date: January 15, 2025

# United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 17, 2025

SEAN F. McAVOY, CLERK

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Frank Murillo, IV  	Case Number: 0980 4:20CR06006-SAB-1

Last Known Address of Offender: ███████████ Pasco, Washington 99301

Name of Sentencing Judicial Officer: The Honorable Stanley A. Bastian, Chief U.S. District Judge

Date of Original Sentence: June 2, 2021

Original Offense:	Possession with Intent to Distribute 40 Grams or More of Fentanyl,
            	21 U.S.C. § 841(a)(1), (b)(1)(B)(vi)

Original Sentence:	Prison - 65 months	Type of Supervision: Supervised Release
            	TSR - 48 months

Asst. U.S. Attorney:	Stephanie A. Van Marter	Date Supervision Commenced: November 27, 2024

Defense Attorney:	Alex B. Hernandez III	Date Supervision Expires: November 26, 2028

## PETITIONING THE COURT

To issue a warrant.

On December 4, 2024, conditions of supervised released were reviewed with Mr. Murillo. He signed his judgement acknowledging an understanding of his conditions of supervision.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Special Condition # 6**: You must reside in a residential reentry center (RRC) for a period up to 180 days at the direction of the supervising officer. Your participation in the programs offered by the RRC is limited to employment, education, treatment, and religious services at the direction of the supervising officer. The defendant shall abide by the rules and requirements of the facility. |

**Supporting Evidence**: Mr. Murillo is considered to be in violation of his conditions of supervised release by failing to reside at the RRC and abide by the rules and requirements of the facility on or about December 30, 2024.

On December 30, 2024, the undersigned officer received a text message from Mr. Murillo informing the undersigned officer he was planning on leaving the RRC without permission, as he was informed by his RRC case manager that they were going to place a global positioning system (GPS) ankle monitor on him.

Prob12C
**Re: Murillo, Frank**
**January 15, 2025**
**Page 2**

        Later this date, the undersigned officer received an email from Mr. Murillo's RRC case manager who informed the undersigned officer she met with Mr. Murillo and advised him that they would be placing him on level 1 restrictions, meaning he could not go anywhere unless he decided to walk out the door and abscond. The case manger further informed the undersigned officer that she advised Mr. Murillo they would be placing a GPS ankle monitor on him. He refused and mentioned he already had someone on their way to pick him up from the RRC.

        On December 31, 2024, the undersigned officer was notified by United States Probation Deputy Chief Jose Vargas that he was notified Mr. Murillo left the RRC without permission.

        On January 6, 2025, the undersigned officer received a termination report from Mr. Murillo's RRC case manger. The termination report outlined that Mr. Murillo left the RRC on December 30, 2024, at 8:06 p.m. and chose not to accept the required GPS device and refused to follow basic RRC rules.

2    **Special Condition # 5**: You must not enter into or remain in any establishment where alcohol is the primary item of sale. You must abstain from alcohol and must submit to urinalysis and Breathalyzer testing as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from the substance.

        **Supporting Evidence**: Mr. Murillo is considered to be in violation of his conditions of supervised release by consuming alcohol on or about January 1, 2025.

        On January 2, 2025, Mr. Murillo reported to the U.S. Probation Office and submitted a urine sample which was presumptive positive for alcohol. During this office visit, Mr. Murillo verbally admitted his use and completed a drug use admission form indicating he last consumed alcohol on January 1, 2025.

3    **Special Condition # 4**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

        **Supporting Evidence**: Mr. Murillo is considered to be in violation of his conditions of supervised release by consuming a controlled substance, fentanyl, on or before January 2, 2025.

        On January 2, 2025, Mr. Murillo submitted a urine sample at the U.S. Probation Office that was presumptive positive for fentanyl. During this office visit, Mr. Murillo was questioned about the presumptive positive result and he denied any use. The urine sample was sent to Abbott Laboratory for confirmation. On January 12, 2025, Abbott Laboratory confirmed the urine sample to be positive for fentanyl.

4    **Special Condition # 4**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

Prob12C
**Re: Murillo, Frank**
**January 15, 2025**
**Page 3**

**Supporting Evidence**: Mr. Murillo is considered to be in violation of his conditions of supervised release by consuming a controlled substance, marijuana, on or about January 12, 2025.

On January 14, 2025, Mr. Murillo sent a text message to the undersigned officer informing the undersigned that he had a recent relapse. He admitted to using marijuana on January 12, 2025.

On January 15, 2025, Mr. Murillo reported to the U.S. Probation Office as instructed. Mr. Murillo submitted a urine sample that was presumptive positive for marijuana. He signed a drug use admission form indicating he last used marijuana on January 12, 2025. The urine sample was sent to the Abbott Laboratory for confirmation.

5   **Special Condition # 4**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence**: Mr. Murillo is considered to be in violation of his conditions of supervised release by consuming a controlled substance, methamphetamine, on or about January 12, 2025.

On January 14, 2025, Mr. Murillo sent a text message to the undersigned officer informing that he had a recent relapse. He admitted to using methamphetamine on January 12, 2025.

On January 15, 2025, Mr. Murillo reported to the U.S. Probation Office as instructed. He submitted a urine sample that was presumptive positive for methamphetamine and amphetamine. Mr. Murillo signed a drug use admission form indicating he last used methamphetamine on January 12, 2025. The urine sample was sent to the Abbott Laboratory for confirmation.

6   **Special Condition # 5**: You must not enter into or remain in any establishment where alcohol is the primary item of sale. You must abstain from alcohol and must submit to urinalysis and Breathalyzer testing as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from the substance.

**Supporting Evidence**: Mr. Murillo is considered to be in violation of his conditions of supervised release by consuming alcohol on or about January 13, 2025.

On January 15, 2025, Mr. Murillo submitted a urine sample at the U.S. Probation Office which was presumptive positive for alcohol. During this office visit, Mr. Murillo verbally admitted his use. He completed a drug use admission form indicating he last consumed alcohol on January 13, 2025.

7   **Special Condition # 4**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

Prob12C
Re: Murillo, Frank
January 15, 2025
Page 4

**Supporting Evidence**: Mr. Murillo is considered to be in violation of his conditions of supervised release by consuming a controlled substance, fentanyl, on or before January 15, 2025.

On January 15, 2025, Mr. Murillo reported to the U.S. Probation Office as instructed. He submitted a urine sample that was presumptive positive for fentanyl. During this office visit, Mr. Murillo was asked about the presumptive positive result and he denied any use. The urine sample was sent to the Abbott Laboratory for confirmation.

The U.S. Probation Office respectfully recommends the Court issue a warrant requiring the defendant to appear to answer to the allegation(s) in the attached petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: January 15, 2025

s/Jose Valencia

Jose Valencia
U.S. Probation Officer

---

## THE COURT ORDERS

- [ ] No Action
- [X] The Issuance of a Warrant
- [ ] The Issuance of a Summons
- [ ] The incorporation of the violation(s) contained in this petition with the other violations pending before the Court.
- [ ] Defendant to appear before the Judge assigned to the case.
- [ ] Defendant to appear before the Magistrate Judge.
- [ ] Other

Signature of Judicial Officer

1/17/2025
Date